IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME OTERO,<br>      Plaintiff<br><br>      v.<br><br>STEPHEN W. ETTER,<br>      Defendant. | )<br>)<br>)   C.A. 08-282 Erie<br>)<br>)   Magistrate Judge Baxter<br>)<br>)<br>) |

## OPINION AND ORDER[1]

Magistrate Judge Susan Paradise Baxter.

### I. INTRODUCTION

#### A. Relevant Procedural History

On or about October 24, 2008, Plaintiff Jaime Otero, an individual formerly incarcerated at the Bucks County Prison ("BCP"), filed this civil rights action pursuant to 42 U.S.C. § 1983.[2] After filing his original complaint [ECF No. 7], Plaintiff filed an amended complaint on December 1, 2009 [ECF No. 60], and a second amended complaint on January 26, 2010 [ECF No. 69]. The second amended complaint subsumes the allegations of Plaintiff's first two complaints, and has been deemed the operative statement of Plaintiff's claims.

Originally named as Defendants in the second amended complaint were: PTS of America, LLC, a private transportation company that was retained by Bucks County to transport Plaintiff back and forth between SCI-Forest and BCP ("PTS"); Thor Catalogne, an official at

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 2, 63, 64, 65, 66].

[2] Plaintiff is currently housed at the State Correctional Institution at Forest in Marienville, Pennsylvania.

PTS ("Catalogne"); Stephen Etter, a driver employed by PTS ("Etter"); Patrick S. Canada, a driver employed by PTS ("Canada"); Bucks County, Pennsylvania ("Bucks County"); Michelle Henry, former District Attorney of Bucks County ("Henry"); Steven Jones, Assistant District Attorney of Bucks County ("Jones"); Harris Gubernick, Director of Corrections at BCP ("Gubernick"); Dale Haring, Case Manager Supervisor at BCP ("Haring"); and Edward J. Donnelly, Sheriff of Bucks County ("Donnelly"). All Defendants other than Etter have since been terminated from this case, and the claims against them have been dismissed, pursuant to this Court's Opinion and Order dated September 27, 2010. [ECF No. 89].

The only claims remaining in this case are an Eighth Amendment deliberate indifference claim and pendent state law claims of negligence and intentional infliction of emotional distress against Defendant Etter. These claims are based on Plaintiff's allegations that Defendant Etter recklessly drove a prisoner transport van occupied by Plaintiff and other prisoners in such a manner that the van veered off the road and struck the side of a hill, causing Plaintiff to suffer serious injuries. (ECF No. 69, Second Amended Complaint, at ¶¶ 56-61). As relief for these claims, Plaintiff seeks declaratory and injunctive relief and monetary damages.

The parties have conducted discovery and Defendant Etter has now filed a motion for summary judgment arguing that Plaintiff cannot meet his burden of proving that Defendant Etter's alleged wrongful conduct caused the motor vehicle accident at issue. [ECF No. 115]. Plaintiff has since filed his own motion for summary judgment [ECF No. 118]. Responses to both motions have been filed by the parties. This matter is now ripe for consideration.

### B.   Relevant Factual History

At all times relevant to this case, Plaintiff was serving a sentence of one to five years at SCI-Forest for Driving Under the Influence, and was also awaiting trial on new charges of Simple Assault and Possession of a Controlled Substance in or around Bucks County, Pennsylvania. (ECF No. 69, Second Amended Complaint, at ¶ 4). On or about March 20, 2008,

Bucks County officials retained PTS to transport Plaintiff from SCI-Forest to BCP, because Plaintiff had a scheduled hearing on March 24, 2008, and a scheduled trial date of April 14, 2008, with regard to the new charges. (Id. at ¶¶ 17, 18). On April 10, 2008, at around 11:00 p.m., Canada arrived at BCP to pick up Plaintiff for transportation back to SCI-Forest. (Id. at ¶ 19). Sometime during the early morning hours of April 11, 2008, Defendant Etter relieved Canada as the driver of the transport vehicle. (Id. at ¶ 20, 56). At around 5:00 a.m., Defendant Etter allegedly "failed to maintain control" of the vehicle and caused it to "collide with the side of a hill." (Id. at ¶¶ 20, 59). As a result of the accident, Plaintiff allegedly suffered "severe injuries to his neck and back areas." (Id. at ¶ 21).

### C. Standards of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56©. The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

"Where the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of showing that there is no genuine issue of material fact 'by showing – that is, pointing out to the district court – that there is an

absence of evidence to support the nonmoving party's case.'" Player v. Motiva Enterprises, LLC, 240 Fed.Appx 513, 522 n4 (3d Cir. 2007) quoting UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

Plaintiff has alleged that after Defendant Etter relieved Canada as driver of the transport vehicle, he "was still tired from lack of sleep, so that he was falling asleep behind the wheel, causing the vehicle to swerve all over the road," and "[a]t times, he would cross over the median

line and go against oncoming traffic." (Second Amended Complaint, ECF No. 69, at ¶ 57). Plaintiff then alleges that, "[d]espite the complaints from the plaintiff and other passengers, to pull over and refresh his weariness, [Defendant Etter] continued to drive carelessly, with total disregard for the safety of the plaintiff and others," and ultimately caused the vehicle "to collide with the side of a hill, causing serious injuries to the plaintiff...." (Id. at ¶¶ 58-59).

This Court previously found that the foregoing allegations "set forth sufficient grounds upon which one may conclude that Defendant Etter was made aware of and disregarded a substantial risk of harm to Plaintiff, thus manifesting deliberate indifference for Plaintiff's safety." (ECF No. 89, Opinion and Order, at p. 17). As a result, Defendant Etter's prior motion to dismiss Plaintiff's Eighth Amendment claim was denied. (Id.).

Now, in support of his pending motion for summary judgment, Defendant Etter has supplemented the record to include his own Declaration accompanied by, among other things, the Police Crash Report that was completed on the morning of the accident at issue. (ECF No. 115-2, pp. 1-3, 14-20). Both of these documents indicate that the accident was precipitated by a deer crossing the path of the transport van as it was rounding a curve. (ECF No. 115-2 at p. 3, ¶ 11, and at p. 19). Defendant Etter declares that he swerved the van right to avoid hitting the deer, which caused the van to leave the roadway and slide into a ditch, where its undercarriage struck a culvert drain. (Id.). Thus, Defendant Etter avers that the accident was not caused by his allegedly reckless driving.

Plaintiff counters with his own Declaration asserting that Defendant Etter was driving at a high rate of speed, "sometimes reaching speeds as high as 80 MPH," and "was falling asleep at the wheel and swerving all over the road, sometimes going against oncoming traffic." (ECF No. 126 at ¶¶ 8-9). Plaintiff also declares that he and the other passengers protested Defendant Etter's driving, but that Defendant Etter "continued to drive recklessly, without due regard to the plaintiff and other passengers." (ECF No. 126 at ¶ 10). While Plaintiff's speed estimations

cannot be substantiated and are somewhat refuted by his own deposition testimony that he didn't know how fast the van was traveling just before the accident happened (ECF No. 115-1 at p. 77), his other allegations recounting Defendant Etter's reckless driving, and his failure to heed the protests of Plaintiff and his fellow passengers, have remained consistent.

Thus, the Court remains faced with a classic "he said/he said" scenario – Defendant Etter swears that the accident was caused by an unexpected deer crossing, while Plaintiff avers that the accident was precipitated by Defendant Etter's sleep-induced erratic driving, which he refused to correct despite the pleas of his passengers. Each account necessarily depends upon the credibility of the proponent, the determination of which falls within the province of the ultimate fact finder, not the Court on summary judgment. Accordingly, each party's motion for summary judgment will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME OTERO,<br>    Plaintiff<br><br>        v.<br><br>STEPHEN W. ETTER,<br>    Defendant. | )<br>)<br>)<br>)   C.A. 08-282 Erie<br>)<br>)   Magistrate Judge Baxter<br>)<br>)<br>) |

## **ORDER**

AND NOW, this 26<u>th</u> day of August, 2011,

IT IS HEREBY ORDERED that Defendant Etter's motion for summary judgment [ECF No. 115] and Plaintiff's motion for summary judgment [ECF No. 118] are both DENIED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge